PeR CuRiam.
The action was on a promissory note, and the plea non assumpsit. The jury found a special verdict, to wit, that the consideration of the note was a loan of Brandon money, at par, and that Brandon money was not equivalent to gold and silver, but was below par; and if on these facts the court should be of opinion that the transaction was usurious, then they found for the defendants; otherwise, for the plaintiffs,' and assessed damages to $596 66.
On this verdict, the plaintiff’s attorney moved for judgment, but the court considering it too imperfect and uncertain, to justify a judgment, overruled the motion, and awarded a new trial, and the plaintiffs sued out a writ of error.
The verdict was uncertain, but it is not necessary to consider whether it presented a good foundation for the judgment moved for. There was no final judgment in the court below; and, *29 before final judgment, a cause cannot be removed by appeal, or writ of error, except in cases specially provided for. How. & Hut. Dig. 538, sec. 40. By the act of 1830, (How. & Hut. Dig. 493, sec. 52,) either party may except to the granting, or refusal to grant, *a new trial, and assign the same as error in the appellate court; but this act does not profess to repeal the other, nor does it do so by implication. It seems to have been designed, only to change the common law, by which the granting or refusing a new trial is a matter of discretion, and cannot be assigned as error. It authorizes the party to assign it as error, only when the cause is in a proper condition to be removed. This writ of error was, therefore, premature, and must be dismissed, and the cause remanded.